Filed 10/16/20  P. v. Sanchez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>OSCAR ALVAREZ SANCHEZ,<br><br>        Defendant and Appellant. | B302304<br><br>(Los Angeles County Super. Ct. No. NA112069) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In June 2019, defendant and appellant Oscar Alvarez Sanchez was charged with willful infliction of corporal injury on a cohabitant within seven years of a prior assault conviction (Pen. Code, § 273.5, subd. (f)(1)[1] [count 1]), two counts of making a criminal threat (§ 422, subd. (a) [counts 2 & 3]), possession of a destructive device in a public place (§ 18715, subd. (a)(5) [count 4]), sale or transportation of a destructive device (§ 18730 [count 5]), and use of a destructive device or explosive to injure/destroy (§ 18740 [count 6]).  With respect to counts 1 and 3, it was alleged that he personally used a deadly and dangerous weapon in commission of the crime, specifically a lighter and gasoline (§ 12022, subd. (b)(1)).  Sanchez's prior conviction was alleged to be a strike (§§ 667, subd. (d), 1170.12, subd. (b)), and a serious felony (§ 667, subd. (a)).

In September 2019, the complaint was amended to strike the section 12022, subdivision (b)(1) allegation from count 1 and instead allege identical language as to count 2. Sanchez, represented by privately retained counsel and pursuant to a plea agreement with the People, pleaded no contest to counts 2 and 6, admitted the truth of the special allegation pursuant to section 12022, subdivision (b)(1) in connection with count 2, and admitted the prior strike conviction.  At the same time and pursuant to the plea agreement, Sanchez admitted to a violation of probation in his prior case; the court accepted the plea as an admission of

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

the probation violation.  The court dismissed the remaining counts, and sentenced Sanchez to eight years eight months in state prison, consisting of the low term of three years in count 6, doubled pursuant to the three strikes law, plus one year four months (one-third the mid-term) in count 2, plus one year for a probation violation, and four months for the personal use allegation in count 2.  The court also issued a 10-year protective order prohibiting contact with the victim, and imposed various fines and fees, finding that Sanchez had the ability to pay them, in light of the length of his sentence and his age and health.  Sanchez waived his presentence custody credits as of the day of sentencing, and he was not awarded custody or conduct credit.

Sanchez stipulated to the factual basis for his plea based on arrest reports and transcripts.  In the incident, Sanchez had hit a parked van that his wife was sitting in twice with another vehicle, deprived her of all personal possessions, then poured gasoline over her and lit a lighter, threatening to kill her.  He drove her around for two hours while throwing things at her before releasing her.

Sanchez timely appealed on the basis of "new evidence," in the form of a notarized letter from his wife, which stated that she was addicted to "Crystal Meth" at the time of the incident and accidentally poured gasoline on herself.  She could not remember how the marks and bruises appeared on her body, but she told the police that Sanchez hurt her to escape the humiliation of having them discover that she was under the influence of drugs.  Sanchez's request

for a certificate of probable cause was denied by the trial court. On December 3, 2019, this court issued an order limiting the issues in this case to those not requiring a certificate of probable cause.

We appointed counsel. After reviewing the record, counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On June 29, 2020, we advised Sanchez that he had 30 days to submit any contentions or issues he wished us to consider. No response has been received to date.

"In the case of a judgment of conviction following a plea of guilty or no contest, section 1237.5 authorizes an appeal only as to a particular category of issues and requires that additional procedural steps be taken. That statute provides: 'No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.'" (*In re Chavez* (2003) 30 Cal.4th 643, 650.) "[I]t is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and

4

seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74 (*Panizzon*); see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1096.) "'[S]ection 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant has obtained a certificate of probable cause, or has sought and obtained relief from default in the reviewing court.' [Citation.]" (*Panizzon*, *supra*, at p. 75.)

We have examined the entire record. We are satisfied no arguable issues exist and that Sanchez's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende*, *supra*, 25 Cal.3d at p. 441.)


MOOR, J.

We concur:


RUBIN, P. J.          KIM, J.